IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN EICHER,<br><br>        Plaintiff,<br><br>vs.<br><br>MID CENTURY INSURANCE COMPANY,<br><br>        Defendant. | )<br>)<br>)<br>)   2:19-CV-01106-CCW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Mid Century Insurance Company's Motion to Stay. ECF No. 35. Having considered Defendant's Motion, and Plaintiff's Opposition thereto, ECF No. 36, the Court finds that, because a stay is an "extraordinary and narrow exception to the duty of a district Court to adjudicate a controversy properly before it," such relief is not warranted at this juncture. *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 813 (1976).

Specifically, the Court considers the following factors as weighing against staying the current proceedings: (1) the uncertainty regarding when this case and the related state court actions will proceed to trial, and the resulting indefinite duration of the stay requested, *see Exclusive Supplements, Inc. v. Abdelgawad*, Civil Action No. 2:12-cv-1652, 2013 U.S. Dist. LEXIS 5517, at *4 (W.D. Pa. Jan. 15, 2013) (indefinite duration weighs against granting stay); (2) the uncertainty as to whether the related state court actions will produce a final decision on the merits having any preclusive effect on this case, *see Rajput v. Synchrony* Bank, 2016 U.S. Dist. Lexis 150231, at *10 (M.D. Pa. Oct. 31, 2016) ("The burden is on the movant to 'make out a clear case of hardship or inequity in being required to go forward.'") (quoting *Landis v. North American Co.*,

299 U.S. 248, 255(1936));  and (3) the likelihood that the parties will need to complete expert discovery regardless of the outcome of the related state court actions, *see Duchene v. Westlake Servs., LLC*, 2015 WL 5947669, at *3 (W.D. Pa. Oct. 13, 2015) (noting that the risk of *unnecessary* proceedings and expenses in connection therewith weigh in favor of a stay, whereas the expense of litigation where the stay would not render the litigation unnecessary does not favor a stay).

Accordingly, Defendant's Motion is hereby DENIED WITHOUT PREJUDICE. Defendant may renew its Motion after the close of expert discovery and after discussion with the Court during the Post-Expert Discovery Status Conference, which is currently scheduled to occur on February 16, 2021.

DATED this 17th day of December, 2020.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):
All Counsel of Record